Filed 2/26/15  P. v. Rones CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br><br>VINCENT ANDREW RONES,<br><br>        Defendant and Appellant. | A142891<br><br>(Sonoma County<br>Super. Ct. No. SCR-632713) |

Vincent Rones appeals from a judgment following his no contest pleas as a result of a negotiated disposition.  He did not obtain a certificate of probable cause and his notice of appeal indicates that he is appealing his sentence and other matters occurring after the entry of his plea.  Rones' court-appointed counsel has filed a brief seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 to determine whether there are any arguable issues on appeal.  We conclude there are no issues requiring further review and affirm.

BACKGROUND

A Santa Rosa police officer was checking on a local motel room after the staff reported seeing several people coming and going from the room.  Rones was there with five women.  After brief interaction with some of the women the officer suspected that they were involved in prostitution.  A check indicated that Rones had an outstanding warrant from Pennsylvania for prostitution-related charges.

1

It was later discovered that two of the women had recently come to California after meeting Rones over the internet. They both came thinking Rones would get them work as exotic dancers, but once they arrived they learned that he was directing a prostitution ring and they became a part of it. The women paid Rones all the money they got from men for sex, and each had a turn sleeping and having sex with Rones on a regular basis. The women participated in the prostitution and slept with Rones because they were afraid of him and he could be violent with them.

Rones was charged in an information with two counts of rape by force or fear in violation of Penal Code section 261, subdivision (a)(2),[1] two counts of making criminal threats in violation of section 422, subdivision (a), two counts of human trafficking in violation of section 236.1, subdivision (b), and two counts of pimping in violation of section 266h, subdivision (a). A prior strike was alleged under section 1170.12 and a prior serious felony under section 667, subdivision (a)(1).

Pursuant to an agreed disposition, Rones entered an *Alford/West* no contest plea to a single count of making a criminal threat and no contest pleas to two counts of pimping.[2] He admitted the prior felony allegation under section 1170.12. The remaining counts were dismissed.

At sentencing defense counsel moved to strike the prior conviction and Rones moved *pro se* to withdraw his plea. The court denied both motions. In accordance with the plea, Rones was sentenced to prison for 14 years and 8 months, consisting of 6 years for pimping (§ 266h), doubled due to the prior serious felony conviction, plus a concurrent one-third of the mid-term sentence of 2 years eight months for criminal threats (§ 422, subd. (a)). The court imposed a $10,000 restitution fine, a $10,000 suspended

---

[1] Further statutory references are to the Penal Code.

[2] These cases authorize a defendant to enter a guilty plea and still maintain her innocence, provided that there is a factual basis for the plea. (*North Carolina v. Alford* (1970) 400 U.S. 25; *People v. West* (1970) 3 Cal.3d 595.)

parole revocation fine and appropriate fees. Rones was awarded 908 days of pre-sentence credit. His appeal was timely.

## DISCUSSION

The record does not include a request for a certificate of probable cause, and Rones' notice of appeal indicated it is based on his sentence or other matters occurring after the plea. There was no error. The court did not abuse its discretion in denying Rones' motion to withdraw his plea or to strike his prior conviction. Moreover, Rones was sentenced in accordance with the negotiated disposition leading to his plea. Our review of the record reveals no issue that requires further briefing.

Counsel has represented to us that he advised Rones of his intention to file a *Wende* brief in this case and of Rones' right to submit supplemental argument on his own behalf. He has not done so.

## DISPOSITION

The judgment is affirmed.

                       _____

                       Siggins, J.

We concur:


_____

McGuiness, P.J.


_____

Pollak, J.